**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CR-5 (LAG) |
| | : | |
| TYREEK BROWN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Defendant Tyreek Brown's Motion to Extend Voluntary Surrender Date (Motion). (Doc. 121). For the reasons below, Defendant's Motion is **DENIED**.

## BACKGROUND

Defendant was found guilty by a jury of one count of wire fraud under 18 U.S.C. § 1343—Count Two of the indictment. (Docs. 1, 80). Defendant was sentenced to two months' imprisonment on January 8, 2026. (Doc. 107). Defendant filed a Notice of Appeal on February 9, 2026. (Doc. 113). In his appeal, Defendant challenges the sufficiency of the evidence supporting his wire fraud conviction and contends that the guilty verdict on Count Two cannot stand in light of the jury's acquittal on Count One. *See* Brief of Appellant Tyreek Brown at 7, 11–19, *United States v. Tyreek Brown*, No. 26-10433, (Doc. 8). The appeal has been expedited by the Eleventh Circuit. (Doc. 119). Defendant was instructed to self-surrender to the custody of the Bureau of Prisons on March 18, 2026. (Doc. 121 at 1: Doc. 122 at 1). On March 11, 2026, Defendant filed a Motion to Extend Voluntary Surrender Date. (Doc. 121). Pursuant to 18 U.S.C. § 3143, Defendant moves for an extension of his self-surrender date to June 2, 2021, or to such other date as the Court deems appropriate, pending resolution of his expedited appeal. (*Id.* at 1–3). The Government filed a Response on March 16, 2026 (Doc. 122), and Defendant filed a Reply on March 17, 2026 (Doc. 123). The Motion is ripe for review. *See* M.D. Ga. L.R. 7.3.

**LEGAL STANDARD**

Under 18 U.S.C. § 3143(b)(1), a defendant must be released pending appeal if the Court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The convicted defendant bears the burden of establishing that he or she should be released pending appeal. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

**DISCUSSION**

In his Motion, Defendant states, in a conclusory fashion, that his appeal raises substantial issues of law and fact likely to result in reversal, a new trial, or a reduced sentence. (Doc. 121 at 2). In its Response, The Government notes the conclusory nature of Defendant's Motion and argues that the Motion should be denied because Defendant's appeal only challenges a run-of-the-mill factual issue and one legal issue clearly foreclosed by binding precedent. (Doc. 122 at 2–4). Defendant's Reply does not address the deficiencies in his Motion. (*See generally* Doc. 123).[1]

"A convicted defendant must establish by clear and convincing evidence that his appeal will raise a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence to a

---

[1] The Government states in its Response that "[Defendant] argues that his conviction under Count 2 of the indictment must be reversed because it is inconsistent with the jury's acquittal of him under Count 1 of the indictment. [Defendant] insists that the jury could not reasonably have rendered the verdicts it did because Count 1 and Count 2 were based on largely the same evidence and that, as a result, his conviction must be vacated." (Doc. 122 at 3). In his Reply, Defendant asserts that his argument is "not based on inconsistent verdicts, it's based on whether a reasonable jury taking each count independently could find [him] guilty in summary based on less evidence of guilt than Count one and consider witness testimony of Sherronica Jackson." (Doc. 123 at 1). Defendant's semantic reframing does not alter the substance of his claim: he challenges the validity of the jury's guilty verdict on Count Two based on its acquittal on Count One. *See* Brief of Appellant Tyreek Brown at 19, *United States v. Tyreek Brown*, No. 26-10433, (Doc. 8).

2

term of imprisonment less than the total amount of the time already served plus the expected duration of the appeal process." *Burk*, 2016 WL 3747608, at \*1. In the 18 U.S.C. § 3143(b) context, the Eleventh Circuit defines a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). Whether a question is a substantial one is a determination that must be made on a case-by-case basis. *Id.*

In his appeal, Defendant challenges the Court's denial of his motion for judgement of acquittal under Federal Rule of Criminal Procedure 29, thus challenging the sufficiency of the evidence supporting his conviction for wire fraud under 18 U.S.C. § 1343. Brief of Appellant Tyreek Brown at 7, 13–19, *United States v. Tyreek Brown*, No. 26-10433, (Doc. 8). First, in *United States v. Fernandez*, the Eleventh Circuit held that "sufficiency issues do not raise substantial questions of fact or law." 905 F.2d 350, 354 (11th Cir. 1990) (per curium); *see also United States v. Burk*, No. 1:12-CR-1 (WLS), 2016 WL 3747608, at \*2 (M.D. Ga. July 11, 2016). Furthermore, in the absence of argument from Defendant as to the specific error the Court may have made in denying the Rule 29 motion, the Court has reviewed the relevant portion of the trial transcript. (*See* Doc. 94 at 102–09). Upon review, there was sufficient evidence for the case to go to the jury such that the Court did not err in denying the motion. Defendant, therefore, has not established that the appellate court will find that the Court erred in denying the motion and order a new trial.

Defendant also argues that his conviction under Count Two of the indictment must be reversed because it is inconsistent with the jury's acquittal of him under Count One of the indictment. *Brown*, No. 26-10433, (Doc. 8 at 7, 11–13). It is well established that "the inconsistency of verdicts does not entitle a defendant to relief." *See United States v. Baxter,* No. 5:17CR26-RH, 2018 WL 1832966, at \* (N.D. Fla. Apr. 17, 2018), *aff'd*, 778 F. App'x 617 (11th Cir. 2019) (first citing *United States v. Powell*, 469 U.S. 57, 68–69 (1984); and then citing *United States v. Mitchell*, 146 F.3d 1338, 1344 (11th Cir. 1998)); *see also United States v. Metz*, No. 1:12-CR-22 WLS, 2014 WL 351922, at \*2 (M.D. Ga. Jan. 31, 2014). Thus, Defendant has not shown that the appeals court is likely to reverse the jury's

verdict of guilty and order a new trial. As Defendant has failed to satisfy one condition necessary to remain on bond pending appeal, the Court does not address the others.

## CONCLUSION

Accordingly, as Defendant has failed to carry his burden and establish that his appeal raises a substantial question of law or fact justifying the relief he seeks, the Motion (Doc. 121) is **DENIED**.

**SO ORDERED**, this 17th day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4